# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY OTHEL MCINTOSH,** : | Civil No. 1:18-CV-903 |
| : | |
| **Plaintiff,** : | |
| : | **(Judge Kane)** |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Defendant.** : | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a request to appoint counsel for the plaintiff, a *pro se* litigant, (Doc. 49), and a motion to reconsider a prior non-dispositive ruling by the court. (Doc. 46.)  The plaintiff seeks appointment of counsel in a case, and reconsideration of this prior order, at a time when we are recommending the dismissal of this case in its entirety. (Doc. 50.)

We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis.  Tabron, 6 F.3d at 157-58.

1

In <u>Parham</u>, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

<u>Parham v. Johnson,</u> 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

<u>Tabron v. Grace</u>, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district

courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that the first benchmark standard we must address, the question of whether the plaintiff's claims against the defendant have arguable legal merit, cuts against the appointment of counsel in this case since we have recommended that this case be dismissed. In our view, it would be inappropriate to appoint counsel until this merits issue is addressed by the district court. Likewise, reconsideration of non-dispositive pre-trial rulings seems unnecessary here, since we recommend that this case be dismissed in its entirety.

Taking these factors into account we DENY this request to appoint counsel (Doc. 49), and motion to reconsider, (Doc. 46), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 7th day of March 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge